IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EMILY MALET-JOWETT, on behalf of herself and other persons similarly situated,<br><br>    Plaintiff,<br>v.<br><br>THE FULFILLMENT LAB, INC.<br><br>    Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br>  1. Negligent Violations of the Telephone Consumer Protection Act [47 U.S.C. § 227, *et seq*.]<br><br>  2. Willful Violations of the Telephone Consumer Protection Act [47 U.S.C. § 227, *et seq*.]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Emily Malet-Jowett brings this class action complaint and demand for jury trial against Defendant The Fulfillment Lab, Inc. to stop their practice of making unwanted and unsolicited text message calls to the cellular telephones of consumers and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**NATURE OF THE ACTION**

1.      Defendant The Fulfillment Lab Inc. is a company that provides services for the sale and distribution of "knock-off" skin care products, nutritional supplements, cosmetic products, and health care products.

2. Defendant uses proprietary software to market, sell and deliver products on behalf of their clients.[1]

3. In order to market its clients' products, Defendant sends text message advertising calls to thousands of consumers' cellular telephones nationwide.

4. Defendant initiates or takes steps necessary to place such text message advertising calls using an automated telephone dialing system and/or are so involved in placing the calls as to be deemed to initiate them.

5. Defendant does not obtain the requisite consent from such consumers to make such text message advertising calls and therefore violates the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

6. Defendant also violates the TCPA by failing to clearly state the legal name of the business that is responsible for initiating such calls.

7. Moreover, Defendant violates the TCPA by failing to provide in every text message call sent an automated opt-out mechanism for the called person to make a do-not-call request.

8. The TCPA was enacted to protect consumers from unsolicited and unwanted calls, exactly like those alleged in this case. Defendant makes these text message calls despite the fact that neither Plaintiff nor the other members of a putative Class of consumers (defined below) provide Defendant with their prior express consent to receive such text messages.

9. By sending spam text messages, Defendant violates the privacy and statutory rights of Plaintiff and the Class and cause them harm, not only by subjecting them to the aggravation that necessarily accompanies the receipt of unsolicited spam text message

---

[1] ACCESSWIRE, The Fulfillment Lab Announces It Will Sponsor ADSUM 2017 (Sept. 26, 2017), https://www.accesswire.com/476293/The-Fulfillment-Lab-Announces-It-Will-Sponsor-ADSUM-2017

advertisements, but also because consumers frequently have to pay their wireless providers for the receipt of such unsolicited text message calls.

10. As a result, Plaintiff, on behalf of herself and the putative Class, seeks an injunction requiring Defendant to cease all unlawful text messaging activities alleged in this Complaint, and an award of statutory damages to Plaintiff and the Class for each such violation, together with costs and reasonable attorneys' fees.

## PARTIES

11. Plaintiff is a natural person and citizen of the state of Louisiana.

12. Defendant The Fulfillment Lab, Inc. is a Florida-based, for-profit corporation. Defendant conducts business in Florida and throughout the United States.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 for Plaintiff's claims arising under the federal Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq.*

14. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1441(a) because a substantial part of the events giving rise to the claim occurred in this District.

## COMMON FACTUAL ALLEGATIONS

15. In an effort to solicit more customers, Defendant sent, or had sent on their behalf, unsolicited text message advertising calls, without prior express written consent, to cellular telephones while using automatic telephone dialing equipment having the capacity to store and dial telephone numbers, *en masse*. As a result, Defendant has repeatedly violated the TCPA.

3

16. Given the relatively low cost associated with sending bulk text messages, many businesses have turned to disseminating advertising calls or promotions through mass text message campaigns.

17. Seeking to market "knock-off" skin care products, nutritional supplements, cosmetic products, and health care products to consumers and, in turn, grow the customer base of their clients, Defendant engaged in this especially invasive form of advertising.

18. Defendant made unauthorized text message advertising calls to the phones of thousands of consumers nationwide. Specifically, Defendant initiated or took steps necessary to place such text message advertising calls using an automated telephone dialing system and/or were so involved in placing the texts as to be deemed to have initiated them.

19. The nature of the text message calls sent by Defendant indicates that it used an automatic telephone dialing system ("ATDS"). Specifically, the hardware and/or software used by Defendant has the capacity to store, produce, and dial random and sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse,* in an automated fashion without human intervention. Defendant's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous text message calls simultaneously (all without human intervention).

20. The text message advertising calls alleged herein were exclusively made by Defendant. Defendant made, or had made on their behalf, the same (or substantially the same) text message calls *en masse* to thousands of cellular telephone numbers nationwide.

21. While Defendant sent these unauthorized text message calls to consumers to market skin care products, nutritional supplements, cosmetic products, and health care products,

4

they never obtained recipients' express written consent to do so. Specifically, Defendant did not send such text messages pursuant a written agreement that included any or all of the following:

    a. Recipients' legally recognized signatures;

    b. Clear and conspicuous authorization for Defendant to deliver advertising messages via autodialed calls or robocalls/robotexts;

    c. Language indicating that signing such agreement is not a condition for purchasing such products; and

    d. Recipients' telephone number to which they signed and authorized advertisements or advertising messages to be delivered.

22. Upon information and belief, Defendant made such calls without obtaining any form of consent from recipients, or, alternatively, such calls were made outside the scope of consent Defendant may have obtained.

23. Defendant violated the TCPA by failing to provide the clearly stated legal name of the business responsible for initiating the text message advertising calls at issue

24. Defendant violated the TCPA by failing to provide in every text message call sent an automated opt-out mechanism for the called person to make a do-not-call request.

25. Through their conduct, Defendant caused consumers actual harm by sending unsolicited text message calls at issue. Plaintiff and members of the Class were not only subjected to the aggravation that necessarily accompanies the receipt of unauthorized text messages, but also because consumers frequently have to pay their cell phone service providers for the receipt of such unauthorized text messages.

26. Moreover, Plaintiff and members of the Class suffered injuries in the form of invasion of privacy and violations of their statutory rights, the monies paid to receive Defendant's unsolicited text messages, the diminished value and utility of their telephone equipment and telephone subscription service (i.e. the value of such equipment and services is higher when unencumbered by repeated and harassing text messages), the amount of time lost answering and fielding unwanted telemarketing text messages, the wear and tear on their telephone equipment, the loss of battery (which becomes diminished with each incoming phone call), the loss of battery life (which has a finite number of charging cycles), and electricity costs required to recharge their cellular phones.

## FACTS SPECIFIC TO PLAINTIFF MALET-JOWETT

27. Defendant sent a text message call from an SMS-enabled phone number, 201-701-8452, to Plaintiff's telephone number, XXX-XXX-8049, on or about May 28th, 2017 containing the following:

> "167 available to
> Emily
> worthexpress.com"

28. The link "worthexpress.com" took Plaintiff to an online survey that, upon completion, provided a list of links for various unnamed nutritional supplements and anti-aging skin products for the recipient to claim as a "reward" for completing the survey.

29. One link led to a web page offering a free trial of the skin product "Instantly Ageless," a product that sold and/or marketed by Defendant.[2]

---

[2] https://www.bbb.org/west-florida/business-reviews/skin-care/instantly-ageless-filler-in-tampa-fl-90298650/alerts-and-actions

6

30. The SMS-enabled phone number 201-701-8452 was and/or is utilized by Defendant to send text message advertising calls to consumers like Plaintiff.

31. Defendant is behind the advertising, promotion, sale, and/or offers for sale of "Instantly Ageless" skin product among countless other product brands they push to consumers nationwide.[3]

32. As such, the text message call received by Plaintiff did not include the legal name of the business responsible for initiating such calls.

33. Plaintiff has received similar text messages calls from Defendant in the past.

34. The software and/or hardware products or services used by Defendant to send the text message call also provided Defendant with the capacity to store, produce, and dial random and sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse,* in an automated fashion without human intervention.

35. Defendant created and/or controlled the content of the text message advertising call, initiated the call, took steps necessary to physically place the call and/or were so involved in placing the call at issue that they could be considered to have initiated it.

36. The call was an advertisement because its sole purpose was to promote and/or encourage the purchase of commercial skin care product "Instantly Ageless" among other products offered by Defendant.

37. There was no lawful reason for Defendant to send Plaintiff a text message call.

---

[3] https://www.bbb.org/west-florida/business-reviews/fulfillment-services/the-fulfillment-lab-in-tampa-fl-90142042/alerts-and-actions

38. Plaintiff did not provide prior express written consent to receive any text message calls from Defendant as there was no written agreement between Plaintiff and Defendant that included any or all of the following:

   a. Plaintiff's legally recognized signature;

   b. Clear and conspicuous authorization for Defendant to deliver advertising messages via autodialed calls;

   c. Language indicating that signing such agreement is not a condition for purchasing skin care products; and

   d. Plaintiff's telephone number to which she authorized advertisements or advertising messages to be delivered.

39. In fact, Plaintiff did not provide any form of consent to receive text messages from Defendant or text message advertisements for their products.

40. Defendant's intrusive text message adversely affected Plaintiff's right to privacy.

41. Defendant was and is aware that the same or similar above-described text message calls were being made on a widespread basis, and that such text message calls were and are being made to consumers who have not provided prior express written consent to receive them.

## CLASS ACTION ALLEGATIONS

42. **Class Definition:** Plaintiff Malet-Jowett brings this action on behalf of herself and a class defined as follows:

> **Class:** All individuals in the United States whose wireless telephone number Defendant, or someone on Defendant's behalf, called using an automatic telephone dialing system or an artificial or prerecorded voice.

Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

43. **Numerosity:** The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. Upon information and belief, Defendant have sent text message advertising calls to thousands of consumers nationwide who fall into the definition of the Class. Class members can be identified through Defendant's records.

44. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the putative Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a)    Whether Defendant' conduct violated the TCPA;

    (b)    Whether Defendant sent text messages using an automatic telephone dialing system ("ATDS"), as contemplated by the TCPA;

(c) Whether Defendant systematically sent text message advertising calls to persons who did not previously provide it with prior express written consent to receive such text message calls;

(d) Whether Defendant failed to clearly state the legal name of the business responsible for initiating such calls; and

(e) Whether Plaintiff and the members of the Class are entitled to treble damages based on the willfulness of Defendant' conduct.

45. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited text message calls.

46. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff's claims are representative of the claims of the other members of the Class. That is, Plaintiff and the Class members sustained damages as a result of Defendant' conduct and received substantially the same text messages. Plaintiff also has no interests antagonistic to those of the Class, and Defendant have no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

47. **Appropriateness**: This class action is also appropriate for certification because Defendant have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of

conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

48. Plaintiff reserves the right to revise the foregoing "Class Allegations" and "Class Definition" based on facts learned through additional investigation and in discovery.

## CAUSE OF ACTION
**(Violation of 47 U.S.C. § 227, *et seq.* – Telephone Consumer Protection Act)**
**(on behalf of Plaintiff and the Class)**

49. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

50. In an effort to obtain more customers, Defendant made unsolicited and unwanted text message advertising calls to Plaintiff and the Class' cellular telephones without their prior written express consent.

51. Defendant made and/or sent the text message advertising calls to the cellular telephone numbers of Plaintiff and the Class using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers *en masse*.

52. Defendant utilized equipment that sent the text message advertisements to Plaintiff and other members of the putative Class simultaneously and without human intervention.

53. By sending the text message advertising to Plaintiff and members of the Class's cellular telephones without prior express written consent, and by utilizing an ATDS, Defendant violated 47 U.S.C. § 227(b)(I)(A)(iii).

54. By failing to clearly state the legal name of the business responsible for initiating such calls and by failing to, Defendant also violated 47 U.S.C. § 64.1200(b)(1)

55. Moreover, by failing to provide in every text message call sent an automated opt-out mechanism for the called person to make a do-not-call request, Defendant violated 47 U.S.C. § 64.1200(b)(3).

56. As a result of Defendant's unlawful conduct, Plaintiff and the members of the putative Class suffered actual damages and also have had their rights to privacy adversely impacted. Plaintiff and the Class are therefore entitled to, among other things, a minimum of $500 in statutory damages for each such violation under 47 U.S.C. § 227(b)(3)(B).

57. Because Defendant's misconduct was willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the putative Class.

58. Additionally, as a result of Defendant' unlawful conduct, Plaintiff and the other members of the Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A) to ensure that Defendant' violations of the TCPA do not continue into the future.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff Emily Malet-Jowett, individually and on behalf of the Class, prays for the following relief:

(a) An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(3), appointing Plaintiff Emily Malet-Jowett as Class Representative and her attorneys as Class Counsel;

(b) Enter a judgment in favor of Plaintiff and the proposed class for all damages available under the TCPA, including $500.00 per violation and up to $1,500.00 per violation if Defendant willfully violated the TCPA;

(c) An order declaring that Defendant' actions, as set out above, violate the TCPA;

(d) A declaratory judgment that Defendant' telephone calling equipment constitutes an automated telephone dialing system under the TCPA;

(e) An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of their unlawful telephone calling practices;

(f) An injunction requiring Defendant to cease all unsolicited text message activities, and otherwise protecting the interests of the Class;

(g) Award Plaintiff and the class all expenses of this action, and requiring Defendant to pay the costs and expenses of class notice and claims administration; and

(h) Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

*Respectfully submitted,*

*/s/ Jonathan Mille Kirkland*
Roberto Luis Costales
William H. Beaumont
Jonathan Mille Kirkland
BEAUMONT COSTALES LLC
3801 Canal Street, Suite 207
New Orleans, LA 70119
Telephone: (504) 534-5005
*rlc@beaumontcostales.com*
*whb@beaumontcostales.com*
*jmk@beaumontcostales.com*