IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

EMILY MALET-JOWETT, on behalf of
herself and other persons similarly situated,
            Plaintiff,

vs.

THE FULFILLMENT LAB, INC.
            Defendant.

CIVIL ACTION NO. 18-00064

JUDGE IVAN L.R. LEMELLE

MAG. JUDGE MICHAEL NORTH

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Emily Mullet-Jowett brings her first amended class action complaint against Defendant The Fulfillment Lab, Inc., Defendant Jeunesse, LLC d/b/a Jeunesse Global Holdings, LLC, and Defendant Anti Age Technologies, LLC d/b/a Instantly Ageless ("Defendants") to stop their practice of sending unwanted and unsolicited text messages to the cellular telephones of consumers and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

### NATURE OF THE ACTION

1.     Defendant Anti Age Technologies, LLC d/b/a Instantly Ageless ("Anti Age") is the company that owns the brand and trademark of wrinkle filler skin product ("Instantly Ageless").

2.     Defendant Jeunesse, LLC d/b/a Jeunesse Global Holdings, LLC ("Jeunesse") is a company that, at all operative times under the facts alleged by Plaintiff, was licensed by Anti Age to use their Instantly Ageless brand name and trademark.

3.      Defendant The Fulfillment Lab Inc. ("Fulfillment") is a company that provides services for the sale and distribution of skin care products, nutritional supplements, cosmetic products, and health care products.

4.      In addition to providing order fulfillment services, Defendant The Fulfillment Lab Inc. markets and sells on-demand skin products on behalf of third party clients.[1]

5.      In order to market Instantly Ageless, along with other products, Defendants send automated telemarketing and/or advertising SMS ("Short Message Service") messages, also known as text messages, to thousands of consumers' cellular telephones nationwide.

6.      Defendants do not obtain the requisite consent prior to sending such text messages and therefore violates the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

7.      Moreover, Defendants violate the TCPA by failing to provide in every text message call sent an automated opt-out mechanism for the called person to make a do-not-call request.

8.      As a result, Plaintiff, on behalf of herself and the putative Class of consumers (defined below), seeks an injunction requiring Defendants to cease all unlawful text messaging activities alleged in this Complaint, and an award of statutory damages to Plaintiff and the Class for each such violation, together with costs and reasonable attorneys' fees.

## PARTIES

9.      Plaintiff Emily Mullet-Jowett is a natural person and citizen of the state of Louisiana.

---

[1] ACCESSWIRE, The Fulfillment Lab Announces It Will Sponsor ADSUM 2017 (Sept. 26, 2017), https://www.accesswire.com/476293/The-Fulfillment-Lab-Announces-It-Will-Sponsor-ADSUM-2017

10.     Defendant Anti Age is a Texas-based, for-profit corporation. Defendant conducts business in Louisiana and throughout the United States.

11.     Defendant Jeunesse is a Florida-based, for-profit corporation. Defendant conducts business in Louisiana and throughout the United States.

12.     Defendant Fulfillment Lab is a Florida-based, for-profit corporation. Defendant conducts business in Louisiana and throughout the United States.

**JURISDICTION AND VENUE**

13.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 for Plaintiff's claims arising under the federal Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq.*

14.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1441(a) because a substantial part of the events giving rise to the claim occurred in this District.

**FACTUAL ALLEGATIONS**

15.     On or about May 28th, 2017, Defendants sent a text message from the telephone number, 201-701-8452, to Plaintiff Emily Mullet-Jowett at her cellular phone number ending in -8049 containing the following generic content:

> 167 available to
> Emily
> worthexpress.com

16.     The link "worthexpress.com" took Plaintiff to an online survey that, upon completion, provided a list of links for various unnamed nutritional supplements, cannabidiol, or "CBD," products, and anti-aging skin products for the recipient to claim as a "reward" for completing the survey.

3

17.    One link led to a web page offering a free trial of the skin product Instantly Ageless, a product that is sold and/or marketed by Defendants, among countless other product brands pushed to consumers nationwide.

18.    To send text messages, Defendants rely, in whole or in part, on SMS messaging computer software provided by Bandwidth Inc. and/or its wholly-owned subsidiaries ("Bandwidth").

19.    Specifically, Bandwidth's computer software provides Defendants with the ability to randomly or sequentially send thousands of texts messages from 9-digit telephone numbers to the cellular telephones of Plaintiff and Class *en masse* without human intervention.

20.    "201-701-8452" is at least one of the phone numbers that was and/or is utilized by Defendants to send automated text messages to consumers like Plaintiff, including members of the putative Class.

21.    There was no lawful reason for Defendants to send Plaintiff and Class text messages.

22.    Plaintiff and Class did not provide prior express written consent to receive any text message calls from Defendants as there were no written agreements that included any or all of the following:

    a.  Legally recognized signatures of Plaintiff and Class;

    b.   Clear and conspicuous authorizations for Defendants to deliver automated advertising and/or telemarketing text messages;

    c.  Language indicating that signing such agreements was not a condition for purchasing products; and

4

      d.   Telephone numbers to which Plaintiff and Class authorized advertisements and/or telemarketing messages to be delivered.

23.    In fact, Plaintiff and Class did not provide any form of consent, written or oral, to receive text messages from Defendants.

24.    Through their conduct, Defendants caused Plaintiff and members of the Class actual harm by sending the unsolicited telemarketing and/or advertising text messages at issue. Plaintiff and members of the Class were subjected to the aggravation and annoyance that necessarily accompanies the receipt of unsolicited text messages. inconvenience and confusion attendant to receiving automated telephone dialing system ("ATDS") calls that are not accompanied by opt-out directions.

25.    Moreover, Plaintiff and members of the Class suffered actual harm in the form of invasion of privacy, the monies paid to receive Defendants' unsolicited text messages, the diminished value and utility of their telephone equipment and telephone subscription service (i.e. the value of such equipment and services is higher when unencumbered by repeated and harassing text messages), the amount of time lost answering and fielding unwanted telemarketing text messages, the wear and tear on their telephone equipment, the loss of battery (which becomes diminished with each incoming phone call), the loss of battery life (which has a finite number of charging cycles), and electricity costs required to recharge their cellular phones.

26.    Defendants were and are aware that the same or similar above-described text message calls were being made on a widespread basis, and that such text message calls were

and are being made to consumers who have not provided prior express written consent to receive them.

## CLASS ACTION ALLEGATIONS

27.     **Class Definition:** Plaintiff Emily Mullet-Jowett brings this action on behalf of herself and the Class defined as follows:

> **Class:** All individuals in the United States whose wireless telephone number Defendants, or someone on Defendants' behalf, called as part of Defendants' text message marketing efforts.

28.     Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

29.     **Numerosity:** The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. Upon information and belief, Defendants have sent text messages to thousands of consumers nationwide who fall into the definition of the Class. Class members can be identified through Defendants' records.

30.     **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the putative Class and those questions predominate over

any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a)    Whether Defendants' conduct violated the TCPA;

    (b)    Whether Defendants sent text messages using an ATDS as contemplated by the TCPA;

    (c)    Whether Defendants systematically send text messages to members of Class who did not previously provide it with prior express written consent to receive such text message calls;

    (d)    Whether each Defendant, individually, on behalf of Defendant(s), or collectively with Defendants, create and/or control the content of the text messages and/or are so involved in sending the text messages at issue that it could be considered to have initiated them;

    (e)    Whether Defendants send text messages to Plaintiff and members of Class that failed to include an interactive, automated opt-out mechanism and/or opt-out instructions; and

    (f)    Whether Plaintiff and the members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

31.    **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited text messages.

32.    **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in

7

complex litigation and class actions. Plaintiff's claims are representative of the claims of the other members of the Class. That is, Plaintiff and the Class members sustained damages as a result of Defendants' conduct and received substantially the same text messages. Plaintiff also has no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff. Plaintiff and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor their counsel has any interest adverse to the Class.

33.     **Appropriateness**: This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendants' practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

34.     Plaintiff reserves the right to revise the foregoing "Class Allegations" and "Class Definition" based on facts learned through additional investigation and in discovery.

**CAUSE OF ACTION**
**(Violation of 47 U.S.C. § 227, *et seq.* – Telephone Consumer Protection Act)**
**(on behalf of Plaintiff and the Class)**

35.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

36.     In an effort to obtain more customers, Defendants sent unsolicited and unwanted text messages to Plaintiff and Class members cellular telephones without their prior written express consent.

37.     Defendants sent the text messages to the cellular telephone numbers of Plaintiff and the Class using computer software and equipment that had the capacity to receive and store lists of phone numbers, or produce telephone numbers, to be called, using a random or sequential number generator, and to dial such numbers *en masse* without human intervention.

38.     Defendants utilized equipment that sent the telemarketing and/or advertising text messages to Plaintiff and other members of the putative Class.

39.     By sending advertising and/or telemarketing text messages to Plaintiff and Class members' cellular telephones without prior express written consent, and by utilizing an ATDS, Defendants violated 47 U.S.C. § 227(b)(I)(A)(iii).

40.     Moreover, by failing to provide in every text message sent an automated opt-out mechanism for the called person to make a do-not-call request, Defendants violated 47 U.S.C. § 64.1200(b)(3).

41.     As a result of Defendants' unlawful conduct, Plaintiff and the members of the putative Class suffered actual damages and also have had their rights to privacy adversely impacted. Plaintiff and Class are therefore entitled to, among other things, a minimum of $500 in statutory damages for each such violation under 47 U.S.C. § 227(b)(3)(B).

42.     Because Defendants' misconduct was willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the putative Class.

43.     Additionally, as a result of Defendants' unlawful conduct, Plaintiff and the other members of the Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A) to ensure that Defendants' violations of the TCPA do not continue into the future.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff Emily Mullet-Jowett, individually and on behalf of the Class, pray for the following relief:

(a)     An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(3), appointing Plaintiff Emily Mullet-Jowett as Class Representative and their attorneys as Class Counsel;

(b)     Enter a judgment in favor of Plaintiff and the proposed Class for all damages available under the TCPA, including $500.00 per violation and up to $1,500.00 per violation if Defendants willfully violated the TCPA;

(c)     An order declaring that Defendants' actions, as set out above, violate the TCPA;

(d)     A declaratory judgment that Defendants' telephone calling software and equipment constitutes an automated telephone dialing system under the TCPA;

(e)     An order requiring Defendants to disgorge any ill-gotten funds acquired as a result of their unlawful telephone calling practices;

(f)     An injunction requiring Defendants to cease all unsolicited text message activities, and otherwise protecting the interests of the Class;

10

(g)      Award Plaintiff and Class all expenses of this action, and requiring Defendants

to pay the costs and expenses of class notice and claims administration; and

(h)      Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

*Respectfully submitted,*

*/s/ Jonathan Mille Kirkland*
Roberto Luis Costales
William H. Beaumont
Jonathan Mille Kirkland
BEAUMONT COSTALES LLC
3801 Canal Street, Suite 207
New Orleans, LA 70119
Telephone: (504) 534-5005
*rlc@beaumontcostales.com*
*whb@beaumontcostales.com*
*jmk@beaumontcostales.com*

11